UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEJUAN MCKARRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-7830** |
| **DOW CHEMICAL COMPANY, ET AL.** | **SECTION "L" (2)** |

### ORDER

Before the Court is Plaintiff's Motion to Extend Expert Report Deadline. R. Doc. 67. The motion is opposed. R. Docs. 72, 73. The Court now rules as follows.

**I.  BACKGROUND**

Plaintiff Dejuan McKarry alleges he was working as a "switchman/operator/helper" at the Dow Chemical Plant in Taft, Louisiana, when a ladder broke on a hopper railcar and caused him to fall approximately 12 feet. Plaintiff brought suit against the following Defendants: The Dow Chemical Company ("Dow"); Union Carbide Corporation, a wholly owned subsidiary of The Dow Chemical Company; Central City and Blackhawk Railroad, a wholly owned subsidiary of Union Carbide Corporation; Union Tank Car Company ("UTC"); UTLX Manufacturing, LLC, a wholly owned subsidiary of Union Tank Car Company; and Jeremy DeLacerda and Randy McDougal, Jr., in their capacity as employees of UTLX Manufacturing. R. Doc. 1-4. McKarry generally alleges these Defendants owned or operated the hopper railcar, and that his injuries were caused by their negligent failure to inspect, repair, and maintain it. Defendants Union Carbide Company, UTLX Manufacturing, Inc., Jeremy DeLacerda, and Randy McDougal, Jr. were subsequently dismissed from this lawsuit, leaving Defendants Dow and UTC as the sole remaining defendants.

1

## II. PRESENT MOTION

Plaintiff has filed a Motion to Extend Expert Report Deadline due to his alleged inability to inspect a railroad hopper car similar to the one involved in the incident that gave rise to this lawsuit. R. Doc. 67. Pursuant to the Court's scheduling order, Plaintiff's expert reports were due for submission no later than October 15, 2019. R. Doc. 44. On October 16, 2019, Plaintiff filed a Motion to Extend Expert Report Deadline. R. Doc. 67. Defendants UTC and Dow filed oppositions to the Motion. R. Docs. 72, 73.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). The good cause standard requires showing "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation and citation omitted). In deciding whether to amend a scheduling order, a court must consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original); *Lester v. Exxon Mobil Corp.*, No. CV 14-1824, 2019 WL 4016325, at *2 (E.D. La. Aug. 26, 2019).

## IV. DISCUSSION

Plaintiff argues an extension is warranted because "[f]or over two (2) years, [Plaintiff] has requested to simply survey, measure and photograph Dow's railroad hopper car assigned the SCAC designation of CCBX71279, or one similar thereto," yet Dow did not provide the hopper

2

car for inspection before the Court's expert report deadline. R. doc. 67-1 at 2–3. Plaintiff alleges "Dow pretended and made assurances that it would make arrangements to present a similar hopper car, but did not." R. Doc. 67-1 at 2.

Dow objects to Plaintiff's request for an extension and also denies Plaintiff's allegation that it engaged in dilatory behavior. R. Doc. 73 at 1. Dow contends it "has not denied Plaintiff an inspection" and argues Plaintiff has failed to produce sufficient information pursuant to Federal Rule of Civil Procedure 34 for Dow to schedule the inspection. R. Doc. 73 at 2–3. Specifically, Dow asserts it requires "the names of the guests that Plaintiff desired to attend the inspection and a particularized description of the actual work Plaintiff desired to accomplish at an inspection," which Dow reminded Plaintiff of "weeks prior to Plaintiff's expert report deadline." R. Doc. 73 at 3–4. Dow thus argues "it is Plaintiff who has been dilatory in complying with the Court issued deadlines." R. Doc. 73 at 7. UTC also objects to Plaintiff's motion, arguing "[P]laintiff has not explained how such an inspection would provide information relative to his negligence claims against UTC," nor has Plaintiff timely served disclosures of his liability experts. R. Doc. 72 at 1.

As a threshold matter, the Court does not construe Plaintiff's motion to be filed with respect to all expert report deadlines. Plaintiff's motion only refers to the ability to inspect an exemplar railroad hopper car. As such, the Court will only consider an extension of the deadline for inspection of the railroad hopper car and associated expert report. All remaining deadlines remain in effect pursuant to the Court's Scheduling Order. *See* R. Doc. 44.

It cannot be said at this stage that Plaintiff lacks "good cause" in his request to extend the deadline, as it appears that Plaintiff has exerted ample effort to schedule the inspection. Plaintiff has exchanged numerous correspondences with Dow regarding the subject. R. Docs. 67-1 at 2, 67-4 at 3, 67-6. These efforts can be construed as the "diligence" required to show good cause. *See*

*S&W Enters.*, 315 F.3d at 535. Although Dow argues Plaintiff himself caused the delay by providing insufficient information, there is no evidence that this was an intentional withholding done in bad faith. Moreover, to the extent Dow does require more information to schedule the inspection, Plaintiff may cure this deficiency before the new deadline.

The remaining factors elucidated by the Fifth Circuit to assess whether a scheduling order should be amended further weigh towards the grant of an extension. *S&W Enters.*, 315 F.3d at 536. Inspection of a similar hopper car is important to Plaintiff's case because the hopper car involved in the incident that gave rise to this suit has since been destroyed. R. Doc. 73 at 2. Nor can it be said that an extension of the expert report deadline for this one inspection would cause prejudice to Defendants because the Court will likewise grant an extension for Defendants to submit opposing expert reports if necessary.

## V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Extend Expert Report Deadline, R. Doc. 67, is **GRANTED** with respect to an expert inspecting an exemplar railroad hopper car and issuing a corresponding expert report. This expert report shall now be due no later than October 31, 2019. Likewise, Defendants shall receive an extension to submit their opposing expert reports on the topic, which shall be due no later than November 30, 2019. All remaining deadlines remain in effective pursuant to the Court's Scheduling Order.

New Orleans, Louisiana, this 23rd day of October, 2019.

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE