UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEJUAN MCKARRY** | **CIVIL ACTION** |
| VERSUS | NO. 17-7830 |
| DOW CHEMICAL COMPANY, ET AL. | SECTION "L" (2) |

### ORDER

Before the Court is Defendant The Dow Chemical Company's Motion for Summary Judgment. R. Doc. 84. The motion is opposed. R. Doc. 91. The Court now rules as follows.

I.    **BACKGROUND**

Plaintiff Dejuan McKarry alleges he was working as a "switchman/operator/helper" at the Dow Chemical Plant in Taft, Louisiana, when a ladder broke on a hopper railcar and caused him to fall approximately 12 feet. Plaintiff, who was an employee of Railserve, Inc. ("Railserve") brought suit against the following Defendants: The Dow Chemical Company ("Dow"); Union Carbide Corporation, a wholly owned subsidiary of The Dow Chemical Company; Central City and Blackhawk Railroad, a wholly owned subsidiary of Union Carbide Corporation; Union Tank Car Company ("UTC"); UTLX Manufacturing, LLC, a wholly owned subsidiary of Union Tank Car Company; and Jeremy DeLacerda and Randy McDougal, Jr., in their capacity as individual employees of UTLX Manufacturing. R. Doc. 1-4. McKarry generally alleges that these Defendants owned or operated the hopper railcar, and that his injuries were caused by their negligent failure to inspect, repair, and maintain it. Defendants Union Carbide Company, UTLX Manufacturing, Inc., Jeremy DeLacerda, and Randy McDougal, Jr. were subsequently dismissed from this lawsuit, leaving Defendants Dow and UTC as the sole remaining defendants.

1

## II. PRESENT MOTION

Defendant Dow moves for summary judgment dismissing Plaintiff's claims against it for two reasons: (1) an essential element of a claim under Louisiana Civil Code Article 2317.1 is that the owner or custodian must have actual or constructive knowledge of an alleged defect and there is no evidence that Dow knew or should have known that the railcar at issue was defective; and (2) Plaintiff does not have sufficient evidence to invoke one of the exceptions to the independent contractor defense. R. Doc. 84 at 1. Dow argues it is not liable under Louisiana Civil Code Article 2317.1 because it did not have actual or constructive knowledge of any alleged defect in the railcar, R. Doc. 84-1 at 12, and it is not liable for the negligence of its independent contractors, UTCC or Railserve, R. Doc. 84-1 at 14. First, Dow contends that it is not liable for the negligence of its independent contractors because railroad work is not an "ultrahazardous activity" under Louisiana law, R. Doc. 84-1 at 15, and second, Dow avers that it did not exercise operational control over either one of its independent contractors, R. Doc. 84-1 at 16.

## III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50.

## IV. DISCUSSION

### A. Whether Dow had actual or constructive knowledge of an alleged defect so as to be liable under Louisiana Code of Civil Procedure Article 2317.1

Pursuant to Louisiana law, an owner's liability for a defective item is governed by Louisiana Civil Code Article 2317.1:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

La. Civ. Code art. 2317.1. An essential element of a claim under Article 2317.1 is that the "owner or custodian of the defective thing [had] actual or constructive knowledge of the defect." *Johnson*

3

*v. Entergy Corp.*, 36,323 (La. App. 2 Cir. 9/20/02), 827 So. 2d 1234, 1237–38. "The concept of constructive knowledge imposes a reasonable duty to discovery apparent defects in things under the defendant's garde." *Id.* (citing *Hagood v. Brakefield,* 35,570 (La. App. 2 Cir. 1/23/02), 805 So. 2d 1230). For a plaintiff to recover under Louisiana Civil Code article 2317.7, "the [plaintiff] has the burden of proving the defendant had actual or constructive knowledge of the risk." *Henry v. Gabriel's House of Events*, 2015-1909 (La. App. 1 Cir. 6/3/16), 196 So. 3d 117, 121.[1]

In this case, Dow argues the undisputed facts demonstrate that Dow did not know, and nor should it have reasonably known, that there was a defect in the railcar's ladder. R. Doc. 84-1 at 17. Dow asserts it contracted with UTCC and Railserve to inspect, maintain, and operate its railcars and therefore, the duty to identify defects in the railcar was contractually assumed by UTCC and Railserve. R. Doc. 84-1 at 14. Because neither UTCC nor Railserve notified Dow that there was a problem with the railcar in question, Dow contends there was no practical way for it to obtain that knowledge other than being told by UTCC or Railserve. R. Doc. 84-1 at 14. Accordingly, Dow argues it did not have actual or constructive knowledge of the problem and therefore, it cannot be held liable under Louisiana Civil Code article 2317.7.

In opposition, Plaintiff argues Dow is the owner of the railcar and the plant where the accident took place, R. Doc. 91 at 2, and there is a genuine issue of material fact as to whether Dow knew or should have known that the railcar in question was defective. Plaintiff points to the fact that the St. Charles Operation facility where he was injured had numerous railcars damaged

---

[1] In *Henry v. Gabriel's House of Events*, the plaintiff filed suit for injuries her daughter sustained while attending a wedding reception at Gabriel's House. 2015-1909 (La. App. 1 Cir. 6/3/16), 196 So. 3d 117, 118. Gabriel's House filed a motion for summary judgment, arguing it did not know and could not have known about the alleged defect in the wall's construction because Gabriel's House had hired a commercial mason and contractor to construct the wall. *Id.* at 119. The Louisiana First Circuit affirmed the trial court's granting of summary judgment in Gabriel's House's favor, holding that the design and construction of the wall was done by an independent contractor and there was no evidence establishing that Gabriel's House had actual or constructive knowledge that the column was defective and unreasonably dangerous. *Id.* at 121–22.

over at least a fourteen-year period, which indicates that Dow knew or should have known that the damages to the railcars created an unsafe work environment for people working there. R. Doc. 91 at 3–4. Despite this alleged knowledge, Plaintiff contends Dow "cavalierly" treated the problem with damaged railcars as routine and took no steps to address the problem. R. Doc. 91 at 4. Finally, Plaintiff believes that he would have more evidence of Dow's actual or constructive knowledge of the alleged defect in the railcar if Dow had not withheld two critical pieces of evidence from Plaintiff during discovery, namely: (1) the railcar in question, which was destroyed after the lawsuit was filed, and (2) photographs of the damaged railcar that were taken while it was damaged but not produced to Plaintiff. R. Doc. 91 at 4. Plaintiff thus asserts he should also be entitled to an adverse inference at trial because of Dow's alleged discovery abuses. R. Doc. 91 at 4.

Based on these arguments, the Court finds that a genuine issue of material fact exists with respect to whether Dow knew or should have reasonably known about the defect in the railcar's ladder. Accordingly, the Court is not inclined to grant summary judgment in favor of Dow on this issue.

### B. **Whether Dow is liable for the negligent acts of its independent contractors**

"It is well established that a principal is not liable for the activities of an independent contractor committed in the course of performing its duties under the contract." *Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 329 (5th Cir. 1987) (citations omitted). Louisiana law recognizes two exceptions to this general rule: (1) "a principal may not escape liability arising out of ultrahazardous activities which are contracted out to an independent contractor"; and (2) "a principal is liable for the acts of an independent contractor if he exercises operational control over those acts or expressly or impliedly authorizes an unsafe practice." *Id.*

In this case, Dow argues that neither exception to the general rule involving independent contractors applies because: (1) railroad work does not constitute ultrahazardous activity," R. Doc. 84-1 at 15; and (2) Dow asserts it did not exert any operational control over the manner or methods by which UTCC or Railserve performed their services pursuant to their contractors, so Dow cannot be held liable for either or both parties' negligence, R. Doc. 84-1 at 21. Plaintiff does not oppose Dow's contention that it is not liable for the negligent acts of its independent contractors. R. Doc. 91 at 1. In fact, Plaintiff states he does not contend and never has contended that Dow should be held responsible for its independent contractors' negligence. R. Doc. 91 at 6. Therefore, the Court declines to examine this issue further, as Plaintiff has represented that he is not bringing this lawsuit against Dow on these grounds.

## V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, R. Doc. 84, is **DENIED**.

New Orleans, Louisiana, on this 18th day of December, 2019.

_____
UNITED STATES DISTRICT COURT JUDGE